UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON HUMES, | No. 2:18-cv-0015 KJN P |
| Plaintiff, | |
| v. | ORDER |
| SACRAMENTO COUNTY, | |
| Defendant. | |

I. Introduction

Plaintiff is a jail inmate, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. Plaintiff's complaint and motions are before the court.

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly

payments of twenty percent of the preceding month's income credited to plaintiff's jail trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II. Screening

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . .

. claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

III. Plaintiff's Complaint

Plaintiff alleges that his due process rights have been violated because Sacramento County ignored him when he told officials he won a California Penal Code § 1203.4 motion and is allegedly released from all penalties and disabilities, including registration under California Penal Code § 290. He claims that defendant slandered plaintiff's good name by lying to family courts. In his second claim, plaintiff alleges that the Sacramento County Sexual Assault Felony Enforcement ("SAFE") team tortures sex offenders by going door to door, showing their pictures, and setting them up to be killed.

IV. Discussion

A. Pending Criminal Proceedings

Initially, plaintiff is advised that in his criminal proceedings pending in state court, plaintiff has an opportunity to adjudicate claims concerning his pending criminal charges. See Younger v. Harris, 401 U.S. 37 (1971). Under Younger, federal courts may not enjoin pending state criminal proceedings except under extraordinary circumstances. Id. at 49, 53. Younger abstention prevents a court from exercising jurisdiction when three criteria are met: 1) there are ongoing state judicial proceedings; 2) an important state interest is involved; and 3) there is an adequate opportunity to raise the federal question at issue in the state proceedings. H.C. ex rel. Gordon v. Koppel, 203 F.3d 610, 613 (9th Cir. 2000).

To the extent plaintiff attempts to challenge the pending criminal proceedings, all three of these criteria are satisfied. First, plaintiff has been charged with a felony violation of California Penal Code § 288(a), which is pending in the Sacramento County Superior Court, No.

////

17FE004862.[1] Second, California has "an important interest in passing upon and correcting violations of a defendant's rights." Roberts v. Dicarlo, 296 F.Supp.2d 1182, 1185 (C.D. Cal. 2003). And third, the California state courts provide an adequate forum in which plaintiff may pursue his claims. See id. When the state proceedings have concluded, and if he is convicted and his conviction becomes final, plaintiff may seek federal habeas relief.

### B. 42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." Devereaux v. Abbey, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Graham v. Connor, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1138 (9th Cir. 2012).

### C. Improper Defendant

Plaintiff names Sacramento County as the sole defendant.

There is no respondeat superior liability under Section 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of another, such as an employee. See Board of Cty. Comm'rs. of Bryan Cty. v. Brown, 520 U.S. 397, 403 (1997); Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1139, 1144 (9th Cir. 2012). Thus, a claim would not be stated against the County of Sacramento merely because that entity employed the alleged wrongdoer, as it appears plaintiff pleads. Instead, local governments, such as the County of Sacramento, are "persons" subject to liability under Section 1983 only where official policy or custom causes a constitutional tort. See Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978). To prove

---

[1] The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites. Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010). It is appropriate to take judicial notice of the docket sheet of a California court. White v. Martel, 601 F.3d 882, 885 (9th Cir. 2010). The address of the official website of the Sacramento County Superior Court is https://services.saccourt.ca.gov/PublicCaseAccess.

municipal liability under § 1983, plaintiff must show both a deprivation of a constitutional right and a departmental policy, custom, or practice that was the "moving force" behind the constitutional violation. Villegas v. Gilroy Garlic Festival Ass'n, 541 F.3d 950, 957 (9th Cir. 2008). There must be a "direct causal link between a municipal policy or custom and the alleged constitutional deprivation." Id. Proof of a single incident of unconstitutional activity, or even a series of "isolated or sporadic incidents," will not give rise to liability under § 1983. Gant v. Cnty. of Los Angeles, 772 F.3d 608, 618 (9th Cir. 2014). Rather, liability must be "founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996).

Here, plaintiff identifies no alleged wrongdoing by the County of Sacramento. Plaintiff has failed to plead any factual allegations concerning a particular policy or custom. Therefore, plaintiff fails to state a § 1983 claim against the County of Sacramento.

### D. Plaintiff's Arrest

Plaintiff appears to claim his purported arrest under § 290 violated his rights because his conviction was set aside under § 1203.4. However, plaintiff provides insufficient facts to determine whether he can state a cognizable federal civil rights claim based on his vague allegations, particularly where the state court website reflects that plaintiff is in custody facing charges for a felony violation of California Penal Code § 288(a). Further, "[w]hile a 1203.4 petition [to set aside conviction] does act to relieve a defendant from most penalties and disabilities resulting from the offense, it does not nullify the conviction. Rather, the final judgment of a conviction is a fact; and its effect cannot be nullified even by a 1203.4 set aside." Engel v. Barry, 2005 WL 3453824 (C.D. Cal. Dec. 15, 2005) (citation omitted). See also People v. Vasquez, 25 Cal. 4th 1225, 1231, 108 Cal. Rptr. 2d 610 (2001) (Section 1203.4 "does not expunge or erase a person's felony conviction from the record, but only restores to the person certain civil rights lost as a result of the conviction").

### E. Alleged Slander

Plaintiff's claims of slander do not rise to the level of a federal constitutional violation. Allegations of harassment, embarrassment, slander, and defamation are not cognizable under

section 1983.  Rutledge v. Arizona Bd. of Regents, 660 F.2d 1345, 1353 (9th Cir. 1981), aff'd sub nom. Kush v. Rutledge, 460 U.S. 719 (1983); see also Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1982) (allegations of harassment with regards to medical problems not cognizable); Ellingburg v. Lucas, 518 F.2d 1196, 1197 (8th Cir. 1975) (Arkansas state prisoner does not have cause of action under § 1983 for being called obscene name by prison employee); Batton v. North Carolina, 501 F.Supp. 1173, 1180 (E.D. N.C. 1980) (mere verbal abuse by prison officials does not state claim under § 1983).  Because plaintiff cannot state a federal claim based on alleged slander, such claim must be dismissed without leave to amend.

      F.  <u>Alleged Excessive Force</u>

Plaintiff's second claim for relief also fails to state a cognizable Eighth Amendment claim for excessive force.

The Fourth Amendment protects plaintiff from the use of excessive force during the course of an arrest.  See Graham, 490 U.S. at 393 & n.6.  "Police use of force is excessive and violates the Fourth Amendment if it's objectively unreasonable under the circumstances." Zion v. Cty of Orange, 874 F.3d 1072, 1075 (9th Cir. 2017); Graham, 490 U.S. at 388; Scott v. Harris, 550 U.S. 372, 383 (2007).  The Ninth Circuit "assess[es] reasonableness using the non-exhaustive Graham factors: 'the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" Zion, 874 F.3d at 1075 (quoting Graham, 490 U.S. at 396).  The most important factor is whether the suspect posed an immediate threat. Mattos v. Agarano, 661 F.3d 433, 441 (9th Cir. 2011) (*en banc*).

Here, plaintiff's allegations are general in nature; indeed, he raises claims as to all sex offenders, rather than including specific factual allegations as to what happened to plaintiff on a particular occasion.  Plaintiff is advised that he cannot raise claims on behalf of others.  Rather, plaintiff may only allege facts specific to himself.  Plaintiff alleges he was kidnapped and held hostage, but court records reflect that he was arrested for a felony violation of California Penal Code § 288(a), not a violation of California Penal Code § 290.  Absent facts not pled here, it is unclear whether plaintiff can amend to state a cognizable Eighth Amendment claim.

6

In addition, if plaintiff can amend to name a specific officer who used excessive force during plaintiff's arrest, plaintiff is cautioned that he can only raise related claims in a lawsuit. Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). Unrelated claims against different defendants must be pursued in multiple lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees -- for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George, 507 F.3d at 607; see also Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied).

V. Leave to Amend

For all of the above reasons, the court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See e.g., West v. Atkins, 487 U.S. 42, 48 (1988). Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633

F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI. Plaintiff's Subsequent Motions

Finally, plaintiff has filed two motions regarding filing fees and funds.

On March 29, 2018, plaintiff filed a motion to waive the filing fees in this case so that plaintiff can use his pro se funds for discovery. (ECF No. 9.) However, plaintiff is advised that under 28 U.S.C. § 1915(b)(1), pro se litigants are required to pay the court's filings fees. The undersigned has no authority to waive filings fees in this action. Plaintiff's motion is denied.

On April 9, 2018, plaintiff filed a motion requesting that he be provided $500.00 per month in "pro se money to facilitate discovery and other advances" in this case. (ECF No. 10.) Plaintiff is advised that the court has no fund of "pro se money" to assist pro se plaintiffs in litigating their cases. Plaintiff's motion is denied.

VII. Conclusion

IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the

8

Sheriff of Sacramento County filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

5. Plaintiff's motions (ECF Nos. 9 & 10) are denied.

Dated: May 4, 2018

/hume0015.14

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| FOR THE EASTERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| JON HUMES, | No. 2:18-cv-0015 KJN P |
| Plaintiff, | |
| v. | NOTICE OF AMENDMENT |
| SACRAMENTO COUNTY, | |
| Defendant. | |

Plaintiff hereby submits the following document in compliance with the court's order filed_____.

DATED: _____  Amended Complaint


_____
Plaintiff

1